**1347-15**

In The Court of Criminal Appeals of Texas

Austin, Texas

Petition For Discretionary Review

Cause No. _____

ORIGINAL

---

From The Court of Appeals Eighth District of Texas

El Paso, Texas

Appeal Cause No. 08-12-00051-CR

---

Trial Cause Number: 1208005 D

In The First Judicial District Court

Tarrant County, Texas

---

Jose Orozco #1758321

Coffield Unit

2661 FM 2054

Tennessee Colony, Texas 75884

pro se: Applicant

FILED IN
COURT OF CRIMINAL APPEALS

OCT 16 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 16 2015

Abel Acosta, Clerk

I

## Identity of Parties

-Defense Counsel At Trial-

Jim Shaw

916 W. Belknap St.

Fortworth, Tx 76196


-Appellate Counsel-

M. Shawn Matlock

209 W. Second St.

Box 207

Fortworth, Tx. 76102


-Trial Judge-

Hon. Sharen Wilson

First District Court

Tarrant County, Tex.


-District Attorney-

Sarah Bruner

Melinda Westmoreland

Tim Curry Criminal Justice Center

401 W. Belknap

Fortworth, Texas 76196


-Accused, pro se Applicant-

Jose Orozco #1758.321

Coffield Unit

2661 FM 2054

Tennessee Colony, Tx 75884


-Interpreter-

Yovana Gonzales

Tarrant County, Texas

II

# Table of Contents

Page

Cover Page — — — — — — — — — — — — — — — — — — — — — — I

Identity of Parties — — — — — — — — — — — — — — — — — II

Table of Contents — — — — — — — — — — — — — — — — — III

Index of Authorities — — — — — — — — — — — — — — — — III

Statement Regarding Oral Argument — — — — — — — — — 1

Statement of the case — — — — — — — — — — — — — — 2

Statement of Procedural History — — — — — — — — — — 2,3

Grounds For Review — — — — — — — — — — — — — — — 3

Argument — — — — — — — — — — — — — — — — — — 3,4,5

Prayer For Relief — — — — — — — — — — — — — — — 6,5

## Index of Authorities

-Case Law -

Barraza v. state, 900 s.w. 2d 840,842 (Tex. App- Corpus Christi 1995 No. pet.) — — 4

Ellinois v. Gate, 462 u.s. 213,103 s.ct. 2317, 76 L.Ed. 2d 527 (1983) — — — — 5

Jones v. U.S., 80 s.ct. 725, 736 (1960) — — — — — — — — — — — — 5

-Penal Code-

code 481.114 (c) HSC — — — — — — — — — — — — — — 2,3

code 481.114 (e) HSC — — — — — — — — — — — — — — 2.3

-Appendix-

Opinion of the Court of Appeals — — — — — — — — — — 7

## Statement Regarding Oral Argument

Applicant in the instant pleading is an incarcerated, indigent inmate filing pro-se. He directs the courts attention that His appelate counsel did appeal the sister conviction case No. 1208006D, where He would be sentenced to 40 years and sentenced to 30 years in the instant case. The bench decided to run both cases concurrent under the 40 year sentence (holding case). Therefore, Applicant waves oral argument on the single issue.

## Statement Of The Case

Jose Orozco T.D.C.J.-CID No. 1758321 (Applicant) was accused by indictment of possession with intent to deliver a controlled substance of four grams or more, but Less than 200 grams Namely Cocaine (Penal Code 481.114 (c) HSC. He entered a plea of not guilty. During a bench trial Applicant would be found guilty and sentenced to thirty (30) years imprisoment. ON trial cause No. 1208005-D. This is a companion case of trial cause No. 12 08006-D of possession with intent to deliver a controlled substance Namly methamphetamine (Penal Code 481.114 (e) HSC, wher Applicant would enter a plea of not guilty and found guilty. He was sentence to fourty years imprisoment and a $2,000 - doller fine to run concurrent with cause No. 1208005-D. In the First District Court of Tarrant County, Texas.

## Statement of Procedural History

Applicant entered a plea of not guilty to cause No. 1208005-D but was found guilty and sentenced to 30 years on 4-19-11 (In a companion case trial cause No. 1208006-D during the same proceedings Applicant would be found guilty and sentenced to 40 years to run concurrent with the 30 year sentence in cause No. 1208005-D.

Applicant filed a Habeas Petition for an out of time pdr due to not being advised by Hes Appellate Counsel of His rights to file His pdr, and denial of His direct appeal, Habeas relief would be granted by the Court of Criminal Appeals (CCA) on 09-23-15. The Order directs: "Applicant shall

-(2)

File His pdr with this Court within 30 days of the date on which this courts mandate issues".

## Grounds For Review

Was an affidavit drafted and presented to the Magistrate by Officer Dominguez to establish the issuance of a search warrant sufficient to show probable cause, because it contains inconsistencies, halftruths, hearsay and coclusory statements as to the reliability and credibility of the informent. Volume two pages 8,9,10; also pages 19,20,21,22,23,24,25,26,27; and pages 87,88,89,90 of the Reporters Record.

## Argument

Applicant was indicted for possesion of a controlled substance with intent to deliver namely cocaine. Texas Penal Code (TPC) 481.114 HSC. Applicant entered a not guilty plea but found guilty at trial and sentenced to thirty (30) years imprisoment on cause No.120800D. In the first District Court of Tarrant County, Texas.

During, the same Trial Applicant was found guilty by indictment of possesion of a controlled substance with intent to deliver namely methamphetamine. TPC.481.114(e) HSC. Applicant entered a not guilty plea on cause No. 1208006D In the First District Court of Tarrant County, Texas. He would be found guilty and sentenced to fourty (40) years imprisoment and a $2,000 fine. The bench would order both sentences run concurrent. Volume Th-

(3)

ree. pages 37,38, Reporter's Record.

Applicant argues the Eighth Court of Appeals erroneously denied relief due to the trial judge asked officer Dominguez over his affidavit, and it's contents prior to ruling it supported probable cause for the issuance of a search warrant. The record is silent as to whether the magistrate who issued the search warrant asked officer Dominguez anything or just based the issuance of the search warrant based on the improper affidavit. An affidavit ruled on in court being hearsay also Volume Two, pages 17,18,19, Reporters Records. The judge's ruling was not on the affidavit not being hearsay, but that trial defense counsel should have moved the court on a motion to suppress. Volume two, pages 19, 20,21,22, 23,24, Reporter's Record.

The Eighth Court of Appeals in its opinion claims as follows: "We do not dispute that officer Dominguez's statements in the affidavit that the informant is "Credible and reliable" are conclutionary, and inadequate by themslves to establish probable cause." The state refers Barraza V. state, 900 s.w. 2d. 840,842 (Tex. App.-Corpus Christi 1995 no pet.) see appendix Opinion page5 The issue is not whether there are facts that could have, or even should have, been included in the affidavit, but whether the combined logical force of the facts in the affidavit, coupled with inferences from those facts establish a fair

[4]

probability" that evidence of a particular crime will likely be found at a given location. What state failed to point out is that the affidavit was drafted out on hearsay evidence. Hearsay, combined with the fact that the trial Court had to, question officer Dominiguez in order to establish the affidavit would support probable cause, can not be considered proper proceeding of justice.

The Eight Court of Appeals in its Opinion applied "Illinois V. Gate, 462 U.S. 213, 103 S.Ct. 2317. 76 L.Ed2d 527 (1983) Under that standard, we would uphold the probable cause determination as the magistrate had a substancial basis for conclud [ing] that a search would uncover evidence of wrong doing. Further, claiming "In determining whether sufficient facts have been presented to support probable cause for the issuance of a search warrant, we consider the totality of the circumstances set forth within the four corners of the affidavit. Gates, 462 U.S. at 236, quoting Jones V. United States, 80 S.Ct. 725, 736 (1960) The States argument is based on evidence (affidavit) presented to the magistrate by the officer seeking the issuance of a search, warrant without hearsay, and determined by the magistrate and not by the trial Judge.

Applicant has presented a question of law that this Honorable Court of CCA needs to resolve. This case should be remanded for a new trial due to the record needs to be developed. Applicant deserves justice.

## Prayer

Jose Orozco #1758321 (Applicant) prays this Honorable Court of

(5)

Criminal Appeals of Texas remand this case for a New trial to develope the record and answer the question presented in Applicant single issue. Applicant so prays.

Respectfully submitted

x _Jose Orozco_

Jose Orozco # 75884

Coffield Unit

2661 FM 2054

Tennessee Colony, Texas 75884

Pro Applicant

Executed / Signed on October 08 - 2015

Appendix

Opinion of The Eighth Courts of Appeals



| | | |
|---|---|---|
| JOSE EDUARDO OROZCO a/k/a JOSE MARTINEZ OROZCO, | § § | No. 08-12-00051-CR |
| Appellant, | § | Appeal from the |
| | § | Criminal District Court No. 1 |
| v. | § | of Tarrant County, Texas |
| THE STATE OF TEXAS, | § | (TC# 1208005D) |
| Appellee. | § | |

## <u>OPINION</u>

Jose Orozco appeals from the trial court's judgment convicting him of unlawful possession of cocaine in an amount of four grams or more, but less than two hundred grams, with intent to deliver, and sentencing him to 30 years' imprisonment.[1]  In a single issue, Orozco contends that the trial court erred by denying his motion to suppress evidence found pursuant to a search warrant because the search warrant affidavit failed to meet the minimum requirements to establish probable cause.   We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 4, 2010, a magistrate found that probable cause existed to support the issuance of

---

[1] This is a companion case to Cause No. 08-12-00052-CR and, like it, involves the same issue on appeal.

a search warrant for a residence located at 2307 Dell Street, Fort Worth, Texas. The magistrate's probable-cause determination was based on the affidavit of Fort Worth Police Officer Alfredo Dominguez.

Officer Dominguez's affidavit recited, in April 2010, he received a tip from a confidential informant that a Hispanic male named Jose Martinez Orozco was trafficking methamphetamine and cocaine from the Dell Street residence. Officer Dominguez averred, during the next two months, he conducted surveillance on the residence, observed activity consistent with the sale and distribution of illegal drugs, and used a reliable and confidential informant to make two controlled buys, one of cocaine and one of methamphetamine, from the residence.[2] Officer Dominguez stated that when he met with the informant after each purchase, the informant told him that the narcotics were purchased from "Jose Orozco" while inside the residence. Officer Dominguez further stated, after he obtained a photograph of a man named Jose Martinez Orozco, he identified Orozco as the Hispanic male he had observed exit the residence on the date the informant purchased cocaine.

After Officer Dominguez obtained the warrant to search the Dell Street residence for cocaine and methamphetamine, SWAT officers executed it. Upon entering the residence, one of the SWAT officers saw Orozco throw an item out of a window. The item recovered directly beneath that window was a baggie of cocaine. Larger quantities of cocaine and methamphetamine were found inside the residence.

## MOTION TO SUPPRESS EVIDENCE

Orozco contends that Officer Dominguez's affidavit in support of the search warrant is insufficient to establish probable cause because it contains inconsistencies, half-truths, and

---

[2] The informant purchased cocaine on May 11 and methamphetamine on June 2.

2

conclusory statements as to the reliability and credibility of the informant.   We disagree.

## Standard of Review

When reviewing a magistrate's probable cause determination, we apply the deferential standard of review articulated by the United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).   *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex.Crim.App. 2004).   Under that standard, we uphold the probable cause determination "so long as the magistrate had a 'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing . . . ."   *Gates*, 462 U.S. at 236, 103 S.Ct. at 2331, *quoting Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960), *overruled on other grounds by United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); *see Swearingen*, 143 S.W.3d at 811; *see also State v. McLain*, 337 S.W.3d 268, 271 (Tex.Crim.App. 2011); *Flores v. State*, 319 S.W.3d 697, 702 (Tex.Crim.App. 2010).

## Applicable Law

In determining whether sufficient facts have been presented to support probable cause for the issuance of a search warrant, we consider the totality of the circumstances set forth within the four corners of the affidavit.   *Gates*, 462 U.S. at 238, 103 S.Ct. at 2332; *State v. Bradley*, 966 S.W.2d 871, 873 (Tex.App.--Austin 1998, no pet.).   Probable cause exists when the facts presented to a magistrate sufficiently justify a determination that the object of the search is probably on the premises to be searched when the warrant is issued.   *Cassias v. State*, 719 S.W.2d 585, 587 (Tex.Crim.App. 1986); *Bradley*, 966 S.W.2d at 873.   The trial court should review the affidavit in a common sense and realistic manner instead of a hyper-technical one and make reasonable inferences from the information contained within the affidavit.   *McLain*, 337 S.W.3d

3

at 272; *see also Davis v. State*, 202 S.W.3d 149, 154 (Tex.Crim.App. 2006)(affidavit must be read with common sense and in a realistic manner).   In cases of doubt, we must defer to all reasonable inferences that the magistrate could have made.   *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex.Crim.App. 2007).

## Discussion

Based on the totality of the facts and the reasonable inferences drawn from them, we conclude that the affidavit supported the magistrate's probable-cause finding.   The affidavit reflects that Officer Dominguez received a tip that cocaine and methamphetamine were being sold out of the Dell Street residence and that a Hispanic male named Jose Martinez Orozco was involved.   Officer Dominguez used police records to identify Orozco as the Hispanic male he observed exiting the residence.   Further, the affidavit reflects, on two separate occasions, Officer Dominguez used an informant, whom he describes as credible and reliable, to effectuate two controlled buys from Orozco – both times confirming by presumptive drug testing that the substances purchased from the residence were cocaine and methamphetamine.   The last controlled purchase occurred two days before the search warrant was issued.   Admittedly, the affidavit fails to state that the informant saw additional contraband in the residence.   However, the magistrate could have reasonably inferred that additional contraband would be found from the facts highlighted above.   *See Davis v. State*, 27 S.W.3d 664, 667-68 (Tex.App.--Waco 2000, pet. ref'd)(facts in affidavit supported inference that contraband were readily available for sale within residence where affiant described controlled buy); *Bodin v. State*, 782 S.W.2d 258, 259-60 (Tex.App.--Houston [14th Dist.] 1989), *rev'd on other grounds*, 807 S.W.2d 313 (Tex.Crim.App. 1991)(holding that search warrant based on informant's controlled buy provided reasonable

4

grounds to infer that additional contraband would be located inside apartment).

Attacking Officer Dominguez's affidavit paragraph by paragraph, Orozco argues that the statements concerning the reliability and credibility of the informant are conclusory because their validity cannot be corroborated or verified by any other information in the affidavit. We do not dispute that Officer Dominguez's statements in the affidavit that the informant is "credible and reliable" are conclusory and inadequate by themselves to establish probable cause. *Barraza v. State*, 900 S.W.2d 840, 842 (Tex.App.--Corpus Christi 1995, no pet.). The issue, however, is not whether there are other facts that could have, or even should have, been included in the affidavit, but whether the combined logical force of the facts in the affidavit, coupled with inferences from those facts, establish a "fair probability" that evidence of a particular crime will likely be found at a given location. *State v. Duarte*, 389 S.W.3d 349, 354-55 (Tex.Crim.App. 2012); *Rodriguez*, 232 S.W.3d at 62. Here, the affidavit contains additional details in Officer Dominguez's affidavit bolstering the conclusion that the informant was credible and reliable.

Officer Dominguez asserted that the informant had assisted in past, multiple investigations in which the informant accurately identified controlled substances, confirmed as such by testing, and that the confidential informant had provided information in the past that was correct and reliable. An assertion in an affidavit that the officer knows a confidential informant and that the confidential informant had provided reliable information in the past is sufficient to establish the reliability of the confidential informant. *Capistran v. State*, 759 S.W.2d 121, 128 (Tex.Crim.App. 1982); *Blake v. State*, 125 S.W.3d 717, 726 (Tex.App.--Houston [1st Dist.] 2003, no pet.). Further, Officer Dominguez averred, when he met with the confidential informant to perform the controlled purchases, he searched the informant without finding any illegal

5

contraband and provided the informant with U.S. currency to make the purchases. An informant's credibility and reliability concerning the delivery of narcotics may be supported, in part, by evidence of successful controlled purchases of narcotics from the defendant. *See Salazar v. State*, 806 S.W.2d 291, 294 (Tex.App.--Amarillo 1991, no pet.)("We find that a 'controlled buy' under the circumstances set out in this affidavit is sufficient evidence of the reliability of the informant's information to justify a magisterial conclusion that probable cause for issuance of a search warrant was shown.").

In light of the preceding, we hold that the trial court did not err by finding that Officer Dominguez's affidavit contained sufficient facts to justify a conclusion that a search of the residence would probably uncover cocaine and methamphetamine on the premises. *See State v. Griggs*, 352 S.W.3d 297, 300, 304 (Tex.App.--Houston [14th Dist.] 2011, pet. ref'd)(holding that affidavit reciting affiant received tip from "credible and reliable" informant, coupled with a controlled buy of alleged narcotics, sufficient to establish probable cause that narcotics would exist at residence). Orozco's sole issue on appeal is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


April 3, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

6



**COURT OF APPEALS**

**EIGHTH DISTRICT OF TEXAS**

EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO AVE., SUITE 1203
EL PASO, TEXAS 79901-2408
(915) 546-2240   FAX (915) 546-2252
E-MAIL: CLERK@8THCOA.TXCOURTS.GOV

**CHIEF JUSTICE**
Ann Crawford McClure

**JUSTICES**
Guadalupe Rivera
Yvonne T. Rodriguez

**CLERK**
Denise Pacheco

Wednesday, April 03, 2013

Hon. Charles M. Mallin
Chief of the Criminal Appellate Section
Tarrant County District Attorney
401 W. Belknap
Fort Worth, TX 76196

Hon. M. Shawn Matlock
The Matlock Law Firm, P.C.
209 W. Second St.
Box 207
Fort Worth, TX 76102

RE:   Court of Appeals Number:   08-12-00051-CR
      Trial Court Case Number:   1208005D

Style:  Jose Eduardo Orozco a/k/a Jose Martinez Orozco
        v.
        The State of Texas

The Honorable Court of Appeals today rendered judgment affirming the judgment of the trial court, in accordance with the opinion of this Court. A copy of the opinion and judgment has been mailed to the attorney of record for each party.

Respectfully yours,

DENISE PACHECO, CLERK

Denise Pacheco

cc:   The Honorable Sharen Wilson
      Thomas A. Wilder



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOSE EDUARDO OROZCO a/k/a JOSE MARTINEZ OROZCO, | § | No. 08-12-00051-CR |
| | § | |
| Appellant, | § | Appeal from the |
| | § | Criminal District Court No. 1 |
| v. | § | of Tarrant County, Texas |
| THE STATE OF TEXAS, | § | (TC# 1208005D) |
| Appellee. | § | |

## **J U D G M E N T**

The Court has considered this cause on the record and concludes there was no error in the judgment. We therefore affirm the judgment of the court below. This decision shall be certified below for observance.

IT IS SO ORDERED THIS 3RD DAY OF APRIL, 2013.

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.